UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| BARBARA CARROLL,<br>　　　　Plaintiff<br><br>v.<br><br>THE HARTFORD LIFE AND<br>ACCIDENT INSURANCE COMPANY,<br>　　　　Defendant. | Civil Action No.: |

## COMPLAINT

1.  Plaintiff, Barbara Carroll ("Ms. Carroll") brings this action against the Defendants, The Hartford Life and Accident Insurance Company ("Hartford") for violation of the Employment Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1001 et seq. ("ERISA"). At all times relevant hereto, Ms. Carroll was a participant and beneficiary under an ERISA welfare benefit plan (the "Plan"), which was underwritten and insured the Hartford.

2.  This Complaint challenges the Hartford's 1) denial of Ms. Carroll's claim for long term disability benefits under the Plan despite substantial medical and vocational evidence proving her right to benefits under the Plan; 2) failure to follow a reasonable claims procedures that would yield a decision on the merits of her claim; and 3) failure to provide a full and fair review of its initial denial of long term disability ("LTD") benefits that she was eligible to receive.

Ms. Carroll brings this action pursuant to 29 U.S.C. §1 132(a)(1)(B) to recover benefits due her, to enforce her rights under the terms of the Plan and to obtain reasonable attorneys' fees and costs pursuant to 29 U.S.C. §502(g)(1) and 29 U.S.C. §1132(g).

## JURISDICTION AND VENUE

4.      This Court has personal and subject matter jurisdiction pursuant to 29 U.S.C. §1132(e) and (f) without regard to jurisdictional amount or diversity of citizenship. The defendant administered the Plan in this District and has a principal place of business in this District.

## PARTIES

5.      The plaintiff, Barbara Carroll is an individual residing at 15 Rabideau Drive, Easthampton, Hampshire County, Massachusetts. At all times relevant hereto, Ms. Carroll was a participant and beneficiary in a short term disability ("STD") and long term disability ERISA plan maintained by her former employer, Partners for Community.

6.      The defendant, Hartford, is a Connecticut corporation engaged in the business of insurance with its principal place of business located at 200 Hopmeadow Street, Simsbury, Connecticut.

7.      At all times relevant hereto, the Hartford was the issuer of the insurance policy (The Policy) that insured that Plan's short term and long term disability benefits. The Plan designated the Hartford as the claims fiduciary for benefits provided under the Policy and granted the Hartford full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of the Policy.

8.      As the designated Plan Administrator, the Hartford was the party responsible for processing Ms. Carroll's claim for LTD benefits, for making a final determination as to her eligibility for those benefits, and for giving a full and fair review to her administrative appeal of the Hartford's the decision to deny her claim for LTD benefits.

## STATEMENT OF FACTS

9.      Ms. Carroll was employed by Partners for Community as an Account Receivables Specialist.

10. On or about March 11, 2008, Ms. Carroll took leave from her job under the Family and Medical Leave ACT (FMLA) due to a right sided L5-S-1 disc herniation and lumbar radiculopathy.

11. Ms. Carroll underwent a lumbar MRI at the Cooley Dickinson Hospital on 3-25-08. The MRI showed "interval progression of disease at L5-S-1 with moderate sized right paracentral disc herniation causing compression of the right S 1 nerve root."

12. Under the terms of the Plan, the Defendant found that Ms. Carroll was eligible to receive STD benefits. The Policy provided beneficiaries such as Ms. Carroll with short-term income protection if she became "disabled" from a covered Injury, Sickness, or pregnancy." The Plan definition of disability, for purposes of determining eligibility for STD benefits is as follows:

> **Total Disability** or **Totally Disabled** means that You are prevented by:
>   1) Injury;
>   2) Sickness;
>   3) Mental Illness;
>   4) Substance Abuse; or
>   5) Pregnancy
>
> from performing the Essential Duties of Your Occupation, and as a result, You are earning less than 20% of your Pre-Disability Earnings.

13. Ms Carroll returned to work on or about May of 2008 and during this medical leave, Ms. Carroll was paid STD benefits by the Hartford.

14. On or about February 6, 2009, Ms. Carroll's sacroiliac joint spontaneously dislocated and prevented her from getting out of bed.

15. As a result of her SI joint dysfunction, L5-S1 derangement, and ensuing pain, Ms. Carroll was unable to work as of February 6, 2009 and The Hartford began paying Ms. Carroll STD benefits as of that date.

16. On February 14, 2009, Ms. Carroll underwent an MRI of her lumbar spine at the Cooley Dickinson Hospital in Northampton, Massachusetts.

17.   The MRI of February 14, 2009, showed a focal right paracentral disc protrusion causing regional mass effect on the thecal sac and posteriorly displacing the S1 nerve root.

18.   On or about June 19, 2009, a claims examiner at the Hartford recommended that Ms. Carroll's claim be "referred to LTD."

19.   Ms. Carroll's STD benefits ended on August 8, 2009.

20.   On or about August 28, 2009, Ms. Carroll applied to the Hartford for LTD benefits that she was eligible for under the Plan. The Plan definition of disability, for purposes of determining eligibility for LTD benefits is as follows:

> **Disability or Disabled** means You are prevented from performing one or more of the Essential Duties of:
> 1) Your Occupation during the Elimination Period;
> 2) Your Occupation, for the 2 year(s) following the Elimination Period, and as a result Your Current Monthly Earnings are less than 80% of your Indexed Pre-disability Earnings; and
> 3) after that, any Occupation.

21.   Among other things, Ms. Carroll's application for LTD benefits was supported by an Attending Physician Statement from Dr. Richard Norris, dated August 18, 2009, Dr. Norris' progress note of the same date and the MRI report of February 14, 2009.

22.   The Hartford policy requires participants to apply for Social Security Disability Insurance benefits (SSDI) and if obtained the policy provides for a reduction of the monthly LTD benefit by the amount of the SSDI award.  The policy further reserves to Hartford the right to estimate such benefits and reduce the LTD monthly benefit amount by such estimate unless a participant 1) applies for SSDI benefits and pursues all appeals 2) signs an authorization for Hartford to obtain and request information from the Social Security Administration and 3) signs a reimbursement agreement.

23.   On or about September 4, 2009, Ms. Carroll complied with the policy provision; applied

for Social Security Disability Benefits. Ms. Carroll's application was supported by an Attending Physician Statement from Dr. Richard Norris, dated August 18, 2009, Dr. Norris' progress note of the same date and the MRI report of February 14, 2009.

24. On January of 2010 the Social Security Administration approved Ms. Carroll claim for social security disability benefits retroactive to a July 24, 2009 date of disability.

25. Despite the evidence of Ms. Carroll's inability to work, Hartford denied her application for LTD benefits and based its decision in part on a Peer Review record. The physician performing the peer review did not examine Ms. Carroll.

26. Thereafter, on or about May 6, 2010, Ms. Carroll through her attorney, Catherine Hancock, submitted an administrative appeal to Hartford requesting a reversal of its decision denying LTD benefits.

27. As part of the appeal, Attorney Hancock submitted the Notice of Approval for Social Security Disability Benefits and a report from Ms. Carroll's treating physician, Dr. Charles Mick, dated April 22, 2010 in which he opined that she was unable to perform sedentary work since the summer of 2009.

28. Dr. Mick noted that Ms. Carroll's condition had "worsened" over the years and that she was scheduled for "spinal reconstructive surgery with an L5-Sl fusion" ... "because of failure of multiple modalities of conservative treatment and severe ongoing pain and functional limitations."

29. Dr. Mick expected full recovery following surgery to take 6-12 months.

30. Ms. Carroll underwent back surgery on May 11, 2010.

31. Notwithstanding the surgery, Ms. Carroll has not recovered the ability to work at her former job due to severe chronic pain and resulting functional limitations.

32. The Defendant failed to provide Ms. Carroll with a full and fair review of her

administrative appeal.

33. On or about July 15, 2010, the Defendant arbitrarily and capriciously denied Ms. Carroll's application for LTD benefits. The Hartford's decision was tainted by a financial conflict of interest.

34. Having exhausted the administrative procedures provided by Hartford, Ms. Carroll now brings this action.

## CLAIM FOR RELIEF

35. Ms. Carroll repeats and realleges paragraphs 1-33 of the Complaint.

36. The LTD Plan is a contract.

37. Ms. Carroll has performed all of her obligations under the contract.

38. The Defendant's actions constitute an unlawful denial of LTD benefits under ERISA, as provided by 29 U.S.C. § 1132(a)(1)(B).

39. In accordance with the terms of the Plan and 29 U.S.C. § 1132, Ms. Carroll is entitled to be paid LTD benefits commencing on August 10, 2009 and continuing into the present.

40. The Defendant has refused to provide Ms. Carroll with these benefits and is, therefore, in breach of the terms of the LTD Plan and ERISA, which requires that the Defendant engage in a full and fair review of all claims and administer the LTD plan in the best interest of the Plan participants, such as Ms. Carroll.

41. As a direct and proximate result of the Defendant's breach, Ms. Carroll has lost the principal and the use of the LTD benefits wrongly denied.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that the Court:

(1) Declare, adjudge and decree that Ms. Carroll is entitled to receive LTD benefits

under the terms of the Plan;

 (2) Award Ms. Carroll the full amount of unpaid LTD benefits due her under the Plan, together with such prejudgment interest as may be allowed by law;

 (3) Order that the Defendant make restitution to Ms. Carroll in the amount of any losses sustained by her in consequence of the wrongful conduct alleged herein, together with prejudgment interest;

 (4) Award Ms. Carroll the costs of this action and reasonable attorneys' fees; and

 (5) Award such other relief as the court deems just and reasonable.

<div style="margin-left:50%">
The Plaintiff,  
Barbara Carroll,  
By her attorney,

/S/ *Terrence A. Low*  
TERRENCE A. LOW  
BBO#: 544163  
Law Office of Terrence A. Low  
244 Bridge Street  
Springfield, MA 01103  
(413)785-1510  
(413) 736-5640-Fax  
Terry@TerryALow.com  
Date: June 22, 2011
</div>